CATHERINE M. TURBITT *et al. vs.* PAUL CARNEY *et al.*

JUNE 28, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Wills.*  "*Heirs at Law.*"  "*Children.*"

Testatrix deceased leaving two sons and four daughters and devised a parcel of real estate in trust for the benefit of the daughters, who were specifically named in the clause.   The trustee was empowered to sell the real estate and to pay the income to the daughters "or the survivor or survivors of them, share and share alike," and upon their decease the fund was to become the property "of their heirs at law."   No provision was made for the disposition of the real estate if it had not been sold during the life time of the daughters.   All of the sons and daughters of testatrix deceased; both sons left children them surviving and one daughter left children; the other daughters never married:—

*Held,* that it was the intention of testatrix that upon the death of the survivor the real estate should pass to the heirs at law of the daughters.

*Held,* further, that the words "heirs at law" should be given their ordinary meaning as designating those persons who would be entitled to inherit from the daughters respectively in case of their intestacy.

*Held,* further, that the devisees after the equitable life estate took as purchasers under the will and not through the daughters, but testatrix would be presumed, in using the phrase "heirs at law" to have intended that the devisees should not take *per capita* but *per stirpes* in the same manner that heirs at law would inherit real estate from the daughters respectively.

*Held,* further, that the heirs of the unmarried daughters, consisted of three groups, *i. e.,* the children of their two brothers and of their married sister, each group taking collectively one third of one quarter of the whole estate as heirs at law of each of the unmarried daughters and the heirs at law of the married daughter taking collectively one fourth in addition to the interests which came to them as heirs at law of their unmarried aunts.

(2) *Wills.*  "*Heirs at Law.*"  "*Children.*"

It is never permissible to construe the words "heirs" or "heirs at law" as meaning "Children," unless such meaning clearly appears to have been intended by testator.

BILL IN EQUITY for partition.   Heard on appeal of complainants and sustained.

SWEETLAND, C. J.   This is a bill in equity praying for partition of a certain parcel of land and the buildings thereon situated in the city of Providence in which parcel the complainants allege that they are tenants in common with the respondents.

The respondents in their answer set forth their claim that the complainants have no interest in said parcel and that the title to the same is solely in the respondents. The case was heard before a justice of the Superior Court who sustained the contention of the respondents and entered a decree dismissing the bill from which decree the complainants have appealed to this court.

The controversy between the parties calls for the construction of certain provisions contained in the will of Ann Byron, late of Providence, deceased, who was the grandmother of each of the parties complainant and respondent. Ann Byron, then a widow, died testate in 1872, leaving two sons, Theodore and Patrick, both of whom have since deceased, and four daughters, Delia, Rosanna, Mary and Margaret, all of whom are now deceased. The will of Ann Byron was duly probated. By the fourth and fifth clauses of said will the testatrix bequeathed the parcel of real estate now in question to a trustee to hold in trust for the benefit of her four daughters, who were specifically named in said clauses. The trustee was directed to permit the daughters to occupy the house upon said parcel, or any part thereof; he was to pay the net income from the estate to them "or the survivor or survivors of them share and share alike." Power was given to the trustee to sell and convey said parcel in fee simple upon the joint request of said daughters. In case of such sale the testatrix directed as follows: "the proceeds thereof shall be invested in the name of said Trustee in some productive securities and the income arising from such investments shall be paid to my said daughters as aforesaid. At their decease said securities shall become the property of their heirs at law.' Said parcel has not been sold by the trustee. The testatrix failed to specifically provide for the disposition of said real estate upon the decease of the survivor of said daughters if the same had not been sold and the proceeds invested during their lifetime in accordance with the terms of the will. The parties all agree that it was the intention of the

testatrix, fairly to be gathered from the provisions of the will, that if said real estate should not be sold during the lifetime of the daughters or their survivors or survivor the same should then pass free from the trust in the same manner as was provided with reference to said securities if the real estate should be sold; and that on the death of the survivor the real estate became the property of the heirs at law of said daughters. Under the terms of the will this appears to us to be a proper conclusion as to the intention of the testatrix in that regard.

The real point in issue is as to who are the heirs at law of said daughters. Said daughters died in the following order: Delia in 1883, Rosanna in 1896, Mary in 1907, and Margaret in 1919. Delia, Mary and Margaret were never married. Rosanna married, whether before or after the death of her mother, the testatrix, does not appear and on her death left children who are the respondents in this case. The complainants consist of two groups, one group including all the children of said Theodore Byron, deceased, and the other including all the children of Patrick Byron, deceased.

Said justice of the Superior Court entered the decree dismissing said bill on the ground that upon the death of Margaret, the survivor of said daughters of the testatrix, the respondents, the children of the daughter Rosanna, alone answer the description of the "heirs at law" of said four daughters. He bases this upon his determination that the devise for the benefit of the four daughters was to them as a class. There appears to us to be no connection between the question at issue and the conclusion that the daughters of the testatrix received a beneficial interest in said real estate as a class. As the daughters were all alive at the death of the testatrix and capable of receiving the equitable interest when it took effect the question of whether they were the objects of the testatrix's bounty individually or as a class does not arise. The clearly expressed words of survivorship contained in the devise created an equitable joint life estate in the four daughters which terminated upon

the death of the survivor Margaret. The property then passed in fee simple to those who came within the designation of "their heirs at law." Said justice of the Superior Court construed those words to mean "their children." Such construction of the words "heirs" or "heirs at law" is never permissible unless that clearly appears to have been the intention of the testator. Nothing in the context nor (2) in any provision of the will of Ann Byron indicates such intention. The words "heirs at law" should be given their ordinary meaning as designating those persons who would be entitled to inherit from said daughters respectively in case of their intestacy.

The devisees after the equitable life estate took as purchasers under the will and not through the daughters. Nevertheless, in using the phrase "heirs at law" of said daughters the testatrix must be presumed to have intended that these devisees should not take said property *per capita*, but *per stirpes* in the same manner that heirs at law would inherit real estate from said daughters respectively. *Branch v. De Wolf*, 38 R. I. 395. The heirs of each daughter would take one fourth of said estate. The heirs at law of each of the unmarried daughters, Delia, Mary and Margaret, consisted of three groups: the children of their brother Theodore, of their brother Patrick and of their sister Rosanna, each group collectively taking one third of one quarter of the whole estate as heirs at law of each of said unmarried daughters. The heirs at law of the married daughter Rosanna are her children, these respondents, who as heirs at law of their mother would collectively take one fourth of said estate in addition to the interests which came to them as heirs at law of their unmarried aunts.

The appeal of the complainants is sustained. The decree of the Superior Court appealed from is reversed. The cause is remanded to the Superior Court for further proceedings.

*Quinn & Kernan*, for complainants.
*McGovern & Slattery*, for respondents.